# Anna C. Johnson, Defendant in Error, v. Niles Invisible Door Check Company et al., Plaintiffs in Error.

## Gen. No. 26,153.

1. SALES—*when demand not prerequisite in action to recover back purchase price.* In an action of trespass on the case to recover money paid to defendants for corporate stock upon false and fraudulent representations by defendants as to the affairs of the corporation, the fact that plaintiff, prior to bringing suit made no demand on defendants for the return of her money and did not tender the stock in question will not bar her from recovery.

2. SALES—*measure of damages in action for fraudulent representations in sale of corporate stock.* In an action for fraudulent representations inducing the purchase of corporate stock by plaintiff, the measure of damages is the difference between the value of the stock at the date of the transaction and what it would have been worth had defendants' representations been true.

3. SALES—*proof of value of corporate stock in action for fraud.* When the market value of corporate stock cannot be ascertained, its value may be shown by showing the assets and liabilities, amount of dividends and character of the business, the management, the market price for its products, and other facts.

4. SALES—*evidence of value of stock in action for fraud.* In an action for fraud in inducing plaintiff to purchase certain corporate stock, evidence of the market value of the stock at the time it was purchased was admissible.

5. SALES—*evidence of value of stock in action for fraud.* The fair cash market value of unlisted corporate stocks may be established by the testimony of anyone dealing in such stocks who is qualified to give an opinion.

6. SALES—*when evidence as to market value admissible in action for fraud.* In an action based upon the false and fraudulent representations of defendants inducing the purchase of certain corporate stock, where it appears that a witness had sold stocks for several years and had sold stock of the corporation in question and was familiar with its market value at the time plaintiff purchased her stock, it was error to exclude his evidence upon this question.

7. INSTRUCTIONS—*refusal as to one defendant and granting as to another as error.* In the absence of any apparent reason why any rule of evidence applicable to one defendant should not apply to another similarly situated, the refusal of an instruction to dis-

regard certain testimony as to one defendant while substantially the same instruction was given as to another defendant, was erroneous.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed October 4, 1921. Rehearing denied October 17, 1921.

FRED B. SILSBEE, JOHN E. OWENS and D. B. BRILLOW, for plaintiffs in error.

HAIGHT, ADCOCK, HAIGHT & HARRIS, for defendant in error.

MR. JUSTICE MORRILL delivered the opinion of the court.

Defendant in error, Anna C. Johnson, who was plaintiff in the court below, brought suit in the circuit court of Cook county in an action of trespass on the case. It is alleged in the first count of the declaration that in the month of January, 1917, plaintiff purchased from the defendants for the sum of $5,000, fifty shares of the preferred capital stock of the Niles Invisible Door Check Company; that she was induced to make said purchases by the false and fraudulent representations of the defendants as to the financial responsibility of said company, the condition of its business, the payment of dividends and other details of its corporate affairs; that she relied upon said representations and purchased the stock in question, receiving from them certificate No. 120 for fifty shares of the preferred stock of the company dated January 2, 1917, and in addition thereto certificate No. 137 for twenty-five shares of the common stock of the company dated January 2, 1917, the common stock being given to her as a bonus for the purchase of the preferred stock.

The second count alleges that in the month of February, 1917, the plaintiff purchased fifty shares of the

preferred stock of said company, relying upon similar false and fraudulent representations, all of which are set forth in the second count substantially the same as in the first count, and received certificate No. 124 for fifty shares of the preferred stock dated February 21, 1917, and in addition thereto received certificate No. 142 for twenty-five shares of the common stock of the company, the common stock being delivered to her as a bonus, as in the case of the first purchase. A trial was had before court and jury and a verdict was returned finding the issues for the plaintiff and assessing the plaintiff damages at the sum of $11,117. Motions for a new trial and in arrest of judgment were denied and judgment was entered upon the verdict. The case is brought to this court by writ of error to review the proceedings of the circuit court.

Plaintiffs in error comment upon the fact that the plaintiff prior to bringing the suit never made a demand on the defendants or either of them for the return of her money, and did not tender the stock in question to the defendants or either of them, so that at the present time she appears to be the owner of the stock and to have recovered a judgment for the entire amount, which she paid for the stock with interest thereon. We do not think that this fact bars her from a recovery. *Siltz v. Springer*, 236 Ill. 278.

Assuming that the plaintiff has proved her case under both counts and is entitled to recover damages for the fraud and deceit alleged to have been practiced upon her, the first and most important question to determine is the measure of her damages. It was of vital importance that the jury be instructed correctly upon this subject. The court instructed the jury, in substance, that the measure of damages in the present case was the difference between the value of the shares of stock sold to the plaintiff if the representations of the defendants had been true and the "real value to

68     APPELLATE COURTS OF ILLINOIS.

Johnson v. Niles Invisible Door Check Co., 222 Ill. App. 65.

her" on the dates that the transactions took place. We do not think that this instruction correctly stated the law upon the subject. It was held in *Schwitters v. Springer,* 236 Ill. 274: "In an action on a case for fraudulent representations in the sale of property, the measure of damages is the difference between the value of the property as it is and what it would be worth if the representations had been true" (citing authorities). The foregoing rule as to the measure of damages was approved in this court in an action for deceit on a sale of stock. *Hazelton v. Carolus,* 132 Ill. App. 520. Both parties to this action seem to agree that the measure of damages was the loss, if any, sustained by the plaintiff.

It therefore became material that the court and jury should be informed by competent testimony as to the value of the stock in question on the date of the transaction. Both parties seem to agree and cite authorities to the effect that where the market value of corporate stock cannot be ascertained, its value can be shown by showing the assets and liabilities, amount of dividends and character of the business, the management, the market price for its products and other facts. *McDonald v. Danahy,* 196 Ill. 135. The same rule was observed in *Gorham v. Massillon Iron & Steel Co.,* 284 Ill. 603.

It seems apparent that the jury in arriving at its verdict must have considered the stock as absolutely worthless. It is difficult to determine from what evidence such a conclusion could have been reached. A financial statement of the company for the year 1916 was offered and received in evidence, showing that the company had assets over and above its liabilities at least equal to the amount of its outstanding preferred stock, and there was other evidence tending to show that the company had substantial assets. It is not apparent from the record that the market value of the stock could not be ascertained. There was evidence to

the effect that sundry sales of the stock had been made at or about the time the transactions in question took place. An effort was made by the defendant to offer testimony as to the market value of the stock in January and February, 1917, but the testimony was excluded. The ruling of the court in that respect was erroneous. The fair cash market value of unlisted stocks can be established by the testimony of anyone dealing in such stocks who is qualified to give an opinion. This is one of the accepted standards for determining values in such cases. It was said in *Hazelton v. Carolus, supra,* that "the market price of the stock about the time of the purchase is strong evidence of its value, and in the absence of other proof will control." This court held in *Greene-Grieb-Sherman Co. v. John C. Quinlen Co.,* 148 Ill. App. 10, with reference to the ascertainment of the market value of certain shares of stock, as follows:

"*Prima facie,* at least, the fair cash value thereof can be established by testimony of one dealing in such stocks and who qualifies himself as Grieb, the witness herein, qualified himself. Plaintiff in error made no effort to show that the fair cash value was other or different from what Grieb testified it was, and the plaintiff in error had a full and fair opportunity of so doing."

The record does not show that any testimony whatever was received by the court as to whether or not the stock in question had any market value in the months of January and February, 1917, or as to what that market value, if any, was on the dates in question. The witness Person, called by the defendants, stated that he was in the business of selling stock for over eleven years prior to September, 1918, dealing in listed and unlisted securities; that he had sold stock of the company in various places and was familiar with the market value of the stock in January and February, 1917, but he was not permitted to testify upon that

subject. We consider that such testimony would have been material and relevant to the issues in this case and that the court erred in not receiving the testimony.

It also appears from the record that the court refused a general instruction to the effect that all evidence received in this case objected to by any defendant and to which an objection was sustained for him shall be disregarded entirely as to him and considered as not in evidence against him in the action, but gave substantially the same instruction limited to the defendant Jules F. Koelling alone. We consider that the court erred in this ruling upon the instructions, as no reason is apparent why any rule of evidence applicable to one defendant should not be applicable to another similarly situated.

From an inspection of the record we can discover no evidence whatever showing that the Niles Invisible Door Check Company, as an entity separate and distinct from the other defendants, had anything whatever to do with the transactions which resulted in either of the purchases of the stock in question. The only theory upon which it can be held liable must be based upon that of an agency on the part of defendants Koelling and Johnson to sell the stock of the company. No such agency was proved or attempted to be proved. In fact, there is no positive evidence in the record that the company ever received the money of the plaintiff alleged to have been paid for the stock. Upon this branch of the case the defendant in error cites authorities to the effect that a corporation may be liable for fraud, particularly where its representative in the transaction is the majority stockholder. *Donovan v. Purtell*, 216 Ill. 629. This is doubtless true but has no application to the case at bar, as it does not appear that the corporation was represented in the transaction to any extent whatever.

The transaction set forth in the first count of plaintiff's declaration is wholly different from that set

forth in the second count. It appears to have been had with the defendant Johnson alone, and the basis of recovery are representations alleged to have been made by the defendant Johnson in which the defendant Koelling took only an incidental part. The transaction specified in the second count seems to have been had with Koelling, and the money of the defendant in error seems to have been expended to enable the defendant Koelling to acquire stock in the company in order that he might secure a position as sales agent for the company in certain desirable territory. It does not appear that the defendant Johnson was responsible for the transaction which took place in February, 1917, and resulted in the second purchase of stock by the defendant in error. In view of these circumstances, we are obliged to find that the verdict of the jury is not sustained by the weight of the evidence and that there should be another trial of the case on account of the errors of the trial court in its ruling on testimony offered as to the fair market value of the stock at or about the time the transactions took place and for errors committed in the giving and refusing of instructions as above indicated. We do not deem it necessary to discuss other questions raised in the briefs.

The judgment of the circuit court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.